IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FLORA GONZALEZ, § § Plaintiff, § § v. § Case No. 6:20-cv-134-JDK-JDL § COMMISSIONER, SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Flora Gonzalez filed this action against the Commissioner of the Social Security Administration on March 18, 2020. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On March 29, 2021, Judge Love issued a Report and Recommendation recommending that the Court affirm the ALJ's decision and dismiss this action with prejudice. Docket No. 25. Plaintiff timely objected. Docket No. 26.

**A. Applicable Law**

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

1

## B. Analysis

Plaintiff's first objection asserts that the ALJ erred by not affording "increased supportability" to Dr. Linda Cameron's opinion that Plaintiff had significant physical and mental problems that affected her ability to maintain employment. Docket No. 26 at 2–3. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and whether the Commissioner applied the proper legal standard. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). The ALJ's determination may not be disturbed on appeal if it is supported by substantial evidence in the record. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

Here, the ALJ cited treatment records from multiple doctors where Plaintiff presented with appropriate mood and affect as well as normal judgment and insight. Tr.[1] at 570, 575, 577, 836, 859, 938, 944. The ALJ also noted that Plaintiff's treating doctors reported that her depression and anxiety were mild, and that she engaged well. Tr. at 940–41, 948, 951. Finally, the ALJ cited Plaintiff's own statements that her anxiety and depression were well controlled with medication. Tr. at 892, 937, 943. Thus, the ALJ's analysis is supported by substantial evidence and based on the correct standard, and the Court must affirm the ALJ's finding as to Dr. Cameron's opinion.

Plaintiff next objects to the Report's finding that the ALJ's misidentification of the author of a report was harmless error. Docket No. 26 at 3. Plaintiff contends

---

[1] The transcript of the ALJ proceedings is available at Docket No. 16.

that had the ALJ correctly identified the report's author as a doctor, rather than as a medical assistant, he may have found the report persuasive. *Id*. The Court disagrees. The ALJ specifically noted that he found the report unpersuasive not because of its author, but because it was not supported by the record. Tr. at 22. While the report stated the Plaintiff would likely miss work once or twice per month for two to three days depending on the frequency of her arthritis flare ups, the ALJ found that "the record is seemingly void of documented flares." *Id*. Accordingly, there is no evidence that the ALJ's analysis of this report would have been different had the ALJ known it was authored by a doctor.

Plaintiff also objects to the Report's finding that the ALJ's failure to discuss chiropractor Dr. James Riley's records was harmless error. Docket No. 26 at 3–4. Plaintiff raises two objections concerning Dr. Riley's records: (1) that the records contain multiple references to documented arthritis flare ups that both that ALJ and the magistrate judge failed to consider; and (2) that Dr. Riley's additional instructions regarding Plaintiff's office should have been part of the residual functional capacity ("RFC") form provided to the vocational expert. *Id*.

On the issue of documented arthritis flare ups, Plaintiff argues that both the ALJ and the magistrate judge incorrectly analyzed the record. Plaintiff states that Dr. Riley's records contain multiple reports of flare ups, contradicting the ALJ's finding that "the record is seemingly void of documented flares" (Tr. at 22) and the Report's finding that the record contained two subjective reports of such flares (Docket No. 25 at 12). Docket No. 26 at 3–4. Plaintiff argues that proper

consideration of the flare ups in Dr. Riley's records may have led the ALJ to a different conclusion. *Id.* While Dr. Riley's treatment records do contain the word "flared" on multiple occasions, the records are not as persuasive as Plaintiff claims. Dr. Riley's records indicate that Plaintiff reported pain or discomfort in various body parts, but the records do not state whether the "flares" were caused by arthritis or another condition. Tr. at 686–747. And there are no specific references to arthritis in Dr. Riley's records. Furthermore, in the April 20, 2017 Disability Report, Plaintiff stated that she saw Dr. Riley for neck and back pain and that he adjusted her neck and back. Tr. 201–02. She did not state that she saw Dr. Riley for arthritis or arthritis flare ups.

This lack of objective evidence supports the ALJ's statement that "the record is seemingly void of documented flares." Tr. at 22. The ALJ found that while Plaintiff appeared "sincere and genuine" regarding her pain, the record lacked objective testing to verify her arthritis and arthritis flare ups. Tr. at 15, 22. During the hearing, Plaintiff stated that the rheumatologist at Grace Clinic of Lubbock x-rayed her hands but did not tell Plaintiff if "she found anything." Tr. at 40. Notably, even after reviewing the records submitted from Grace Clinic (Tr. at 833–47), the ALJ stated that "the lack of diagnostic studies offers little support that the claimant cannot engage in the work assessed." Tr. at 15.

SSR 16-3p mandates that subjective symptoms alone, absent objective medical evidence, does not support a disability finding. Tr. at 22. Thus, even if the ALJ had considered Dr. Riley's records, due to their ambiguity and the lack of objective

4

evidence of arthritis and arthritis flare ups, there is no indication that these records would have led the ALJ to a different decision. For that reason, Plaintiff's first objection concerning Dr. Riley's records is overruled.

Plaintiff's objection to the Report's finding on Dr. Riley's additional instructions regarding Plaintiff's office also fails. Docket No. 26 at 3–4. On June 22, 2016, Dr. Riley wrote that Plaintiff needed her "desk, chair, [and] computer monitor to be arranged ergonomically so she can walk squared up in a neutral and anatomically correct position to reduce work place injuries and back and neck pain." Tr. at 689. He also stated that she needed a "keyboard foam pad for correct wrist position." *Id*. The Report found that Dr. Riley's instructions were consistent with the ALJ's determination that Plaintiff is not disabled and can perform mostly sedentary work because they were instructions on how Plaintiff could continue to work in a sedentary position. Docket No. 25 at 14.

Plaintiff argues that these instructions are not "truly part of sedentary work; rather they mean that Plaintiff cannot perform the full range of sedentary work, and these should have been viewed as additional restrictions that were made part of the RFC provided to the vocational expert." Docket No. 26 at 4. For this reason, Plaintiff asserts that the ALJ's error in not discussing Dr. Riley's records was not harmless. *Id*.

This argument fails. Under 20 C.F.R. § 404.1567(a), sedentary work is "work that involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." The regulation also

5

specifies that although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. *Id*. Dr. Riley's additional instructions do not mean that Plaintiff cannot perform the full range of sedentary work; they merely specify how her desk and computer should be oriented and equipped. Dr. Riley's instructions do not indicate any restrictions on Plaintiff's ability to lift small items, sit for periods of time, or occasionally walk or stand. As such, Plaintiff's second objection concerning Dr. Riley's records is overruled.

### C. Conclusion

Having conducted a de novo review of the record in this case, the Magistrate Judge's Report, and Plaintiff's objections, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 25) as the opinion of the District Court. The Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **22nd** day of **April, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

6